THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* RAFAEL SUÁREZ, Defendant and Appellant.

No. 13961. Argued July 15, 1949.—Decided July 30, 1949.

*Juan Nevares Santiago* for appellant.  *Vicente Géigel Polanco, Attorney General, J. Rivera Barreras, Fiscal of the Supreme Court,* and *Fernando Fornaris, Jr., Assistant Fiscal,* for appellee.

PER CURIAM: The District Court of Humacao found Rafael Suárez guilty of abandonment of children and sentenced him to serve thirty days in jail.   The sentence was suspended provided he paid to the complainant Georgina Mercado the weekly amount of $1.50 for the support of the child.

The four errors assigned on appeal are directed against the weighing of the evidence alleging that the lower court acted under passion, prejudice, and partiality.

The evidence was to the effect that the complainant, Georgina Mercado, went to live with the defendant as husband and wife and became pregnant; that when they separated she had been pregnant for weeks; that they separated because she went to jail to serve a sentence of three months; that they lived together for two weeks; that although she had been a loose woman when she met the defendant she went out with him only; that when she left jail she was pregnant; that she had had no contact with any other man either before or after her menses; that the defendant gave her $10 before childbirth and that at the time of giving birth to the boy he denied that he was his father.

The evidence of the defendant consisted in the testimony of Ricardo Rivera González and defendant himself.   The former is Justice of the Peace of Fajardo and testified that the complainant Georgina Mercado came to his office and asked him to summon the defendant in connection with a child that she had had recently and that she believed was his. That he asked her how long had she lived with Suárez and she told him that several days; that he also asked her if she had lived with other men to which she answered that several days before she had been with a man.

The defendant testified that Georgina Mercado was a loose woman whom he had met in a bar at Ceiba to which many women of that kind went; that he left the bar with three other women; that he has had no child by her; nor has he given her any money for the support of the child; that he never lived with her under a roof.

On this evidence the lower court found the defendant guilty. We do not believe that in doing so it committed manifest error or that it acted under passion, prejudice, or partiality.

The judgment will be affirmed.

MR. CHIEF JUSTICE DE JESÚS AND MR. JUSTICE TODD, JR., dissenting.

We dissent because we believe that the attendant circumstances in the case at bar do not justify the application of the doctrine laid down in *People* v. *De Jesús*, 57 P.R.R. 694; *People* v. *Bernabe*, 63 P.R.R. 385; and *People* v. *Mercado*, 69 P.R.R. 310: